Good morning, Your Honors. I'd like to reserve two minutes for rebuttal. All right. May it please the Court, my name is Amos Lawrence, and I represent the petitioner in this case, Ali Al-Zubidi, who has appealed the BAA's summary affirmation of the immigration judge's denial of his applications for political asylum withholding of removal. The IJ in this case denied my client's claims to relief on three distinct grounds with the apparent aim of rendering it unappealable. However, as argued in our briefs, the IJ's reasoning in regard to each of these grounds does not stand up to scrutiny even under a deferential standard of review. For example, while it's true that an immigration judge's adverse credibility finding may be supported by a single inconsistency or discrepancy in the applicant's testimony, in this case the immigration judge found that my client was not a credible witness on the basis of a mistaken perception that he claimed in his written declaration to being an outspoken political leader in the United States. What his declaration actually says is he's been an outspoken critic of the Yemeni Socialist Party in the United States amongst his friends, which, contrary to the IJ's assumption, is not inherently inconsistent with his oral testimony before the judge that he has spoken out against the Yemeni Socialist Party with friends since coming to the United States. Did the IJ interpret that to mean that he was not outspoken because he said that he did it among his friends, which indicates less outspokenness? Well, what I note in the record is in the actual the immigration judge examined my client directly on this subject at 107 of the administrative record. And her questions indicate that she perceived that he claimed to be a leader. So you're not a political leader, she said. And then later in her decision she found that inconsistent. So it's apparent that she perceived and interpreted his declaration as indicating that he was a political leader in the United States, apparently speaking at public function and rousing support against the Yemeni Socialist Party. While that might be one possible interpretation of the declaration, my client's testimony makes quite clear that that's not correct. What about his testimony that he was a simple man, uneducated, with no detailed knowledge and opinion about political activities in Yemen now or before he left? How could he even be a critic among his friends if he knew nothing about the political structure? Well, what he said was he criticizes their activities. He criticized their opposition to Islam at the mosque. I don't think one has to be a sophisticated political advocate in order to have opinions on a simple level that you're opposed to their aims of making Yemen a socialist country. And he's opposed to that. How does he know what socialism is if he has no idea about their? Well, I. Philosophy. Sure. At the very minimum, he reveals in his testimony and in his declaration, I believe, that he perceives socialism to be contrary to religion or opposed to religion. And that's, in fact, accurate. So for no other reason, he opposes them for that reason. However naive or unsophisticated that is a political opinion, which actually portrays the Yemeni Socialist Party as one that would be against the practice of religion, and particularly Islam. In the immigration judge's ensuing analysis of the merits of my client's claim, she was equally incorrect that INS versus Elias Zacharias held that forced recruitment is not persecution as a matter of law. What Elias Zacharias actually held was that forced conscription into a guerrilla army is not per se persecution, absent some evidence of statutory motives. In support of that holding, the court in Elias Zacharias acknowledged that people might resist being in an army for a number of reasons. One, fear of combat. Two, not wanting to be separated from family. So how does that help you? It helps me because the organization recruiting my client is not a guerrilla army. It's how forced conscription in a different army. It's the same principle. It's not an army. It's a political party, and I think that's a distinct distinction. In one case, one might recruit somebody into an army without regard to what their political opinions are. They just want soldiers. When you recruit somebody to be an advocate of a political party, you're inherently asking them to embrace your political ideology, and that's a distinction. Or to distribute leaflets or to do a number of other things. Well, he's asking them to join the party. If I ask you to join the Democratic Party, it would be equivalent of asking you to embrace the ideology of that party, not to go door to door and hand out leaflets. I might hire somebody for that purpose. I'm not dismissing your point. Yeah, theoretically, I guess you could have somebody do something without regard to your political ideas. But Elias Zacharias is really saying these guerrilla groups recruit people without regard to their political opinion. On the contrary, political parties typically recruit people because of political opinion. But I thought the petitioner said he didn't know anything about political parties at all. He was just a simple person. So how would he know whether or not he wanted to join that party? Well, as I said earlier, in response to your earlier question, he knows he's against a political party that opposes religion because he's a devout Muslim. What about the alternative finding that the mistreatment he claimed to have suffered was mild? It seems to me that the IJ was saying it was not persecution. He did say that. I think she wanted to make her decision sort of bulletproof by having layer upon layer of reasons for denial. Wouldn't that be good enough as an alternative finding? If it was not persecution, the whole thing goes out the window, doesn't it? Well, you could find a well-founded fear of persecution regardless of that. But I submit that in Ruano v. Ashcroft, Reyes, Greer v. INS, physical confrontations in conjunction with evidence of death threats has consistently been held by this circuit to constitute persecution of the act without regard to the extent of the physical harm. So the IJ was just flat wrong? Yes, in my opinion. They frequently, and the government always cites Prasad v. INS at 47F3rd for the proposition that beatings don't constitute persecution. Yet this circuit frequently counters that with multiple holdings in which multiple beatings, even single beatings, have constituted persecution. The idea of this concept of persecution is an enduring interest in this person. In Prasad, they found that they didn't have an enduring interest. They just detain you for a little while and let you go. In this case, they keep coming back. They say they threatened him with death. That's persecution under the established precedent in this circuit. Finally, the judge gave a very brief individual analysis of the changed country conditions and was inherently wrong in her assumption that the Yemeni Socialist Party was the former ruling party of Yemen since unification in 1990 or of the northern part of Yemen prior to unification. It seems like this inherent error in fact concerning the political history of this country was the sole basis for her conclusion as a matter of discretion that any presumption to which my client was entitled was overcome by changed country conditions. In the absence of any other basis for believing that the Yemeni Socialist Party or any circumstances have changed since 1990, since 1992, my client's presumptions stand unrebutted. Thank you. Your argument is that there have been no change. There has been no change in the country conditions. Is that your argument? Not enough to rebut a presumption. The judge said since they're no longer in power after the 1994 elections, you wouldn't have reason to fear them anymore. That assumes incorrectly that they were in power before that. I think the judge was just misinformed about the role of the Yemeni Socialist Party in the political history. Well, even if they weren't in power before that, if they're not in power now and those were the individuals who were allegedly persecuting him, then why isn't that a sufficient change in country conditions? They weren't in power when they persecuted him. That's the point. So nothing's changed. So they lost another election. All right. I understand your argument. Thank you, Judge. Thank you. Good morning. May it please the Court. Jan Redfern for the Respondent, the Attorney General. Your Honors, in this case, the Petitioner fails to challenge the immigration judge's discretionary denial of asylum. And so that issue is waived. So the issue of asylum, though, is not before the Court. The only issue, and this Petitioner is correctly cited, is withholding of removal. In this case, the Petitioner failed to present sufficient credible evidence of a clear probability of persecution upon his return to Yemen. His testimony was vague, it was inconsistent, and it contained major discrepancies. And his central theme of persecution is that the Socialist Party forcibly tried to recruit him between the years 1990 and 1992, 10 years prior to his removal hearing, and he fled Yemen because of his activities in the United States. He fears returning to Yemen because apparently the top leaders in Yemen have heard about his political activities in the United States. His testimony, first of all, was vague. He provided no details, either of a political opinion, of the beatings that allegedly occurred, of the threats of any identity of the attackers, such that he knew they were members of the Socialist Party, what he said against the Socialist Party, either in terms of his political activities in the United States and how that information was related to the Socialist Party back in Yemen. Also, there's a significant discrepancy that the immigration judge pointed out. In his declaration, he stated at, excuse me, administrative record page 145, that he was an outspoken critic of the Socialist Party. He doesn't limit that to his friends. His declaration does not limit it. In his testimony, initially, he confirmed, yes, I was talking against him in public, again, inferring that he was this outspoken critic of the Socialist Party. And he portrayed himself as a politically astute, outspoken member of the political party against the Socialist Party and an advocate of a democracy. And he claimed that because of that, he was beaten and that land, his family's land in Yemen was taken as punishment or revenge because of his activities. Yet, as the Court is aware, he testified over and over again, I don't know anything about politics. I don't know anything. I don't have a political opinion. I don't – I'm afraid of politics, he said at one point. I'm a simple farmer man. I don't read or write. I don't have any information about this. And it's important to remember, in his initial asylum application, he completely disavowed that at his removal hearing and said, I don't even know what's in there, where he claimed that he was an outspoken critic. He claimed that many family members were killed because of his socialist, antisocialist activities in Yemen. He claimed he was a member of a political organization against the Socialist Party. And all of that has been disavowed at his removal hearing. But even if the Petitioner, just assuming for a moment that he was credible that everything he stated was true, he failed to establish that he will be persecuted on account of his political opinion or his religion when he was returned to Yemen. As the immigration judge found, the activities he described were merely conscription activities. There's no indication in the record that he had a political opinion, that one was imputed to him, that the members who attacked him were members of a socialist party, and they knew of his political opinion or his religion. Ginsburg. Counsel, what's your response to opposing counsel's distinction between this case and Elia Zacharias, and that this is not a conscription into an army, but into a political party, and therefore, it's inherently political? It doesn't really matter. And even if it did, even if it was inherently political, he would have to establish that, first of all, it's inherently political because it was a political party, that the ideologies that he had were against that political party and they knew it. Again, his testimony was vague and insufficient. He didn't testify what his political opinion was and testified, in fact, he didn't have one. So the fact that he tries to claim it was inherently political is completely unfounded and unsubstantiated by the record. What about opposing counsel's representation that's somewhat supported by the record that he was against the party because it disfavored his religion? But there's no evidence in the record, there's no compelling evidence to reverse the immigration judge's decision that he didn't establish that he had a religious – that he was opposed to joining the socialist party because of his religion. In fact, there's only one line in his testimony where he said, I didn't want to join them because it's against my religion. But he didn't state, and I told them it was against my religion, they knew it was against my religion. There's no evidence of that at all. Because he failed to establish past persecution in Yemen, he is not entitled to the presumption of a future persecution for withholding of removal, and he's presented no compelling evidence of a clear probability of persecution upon his return to Yemen. The socialist party is not in power. In fact, many of the record of evidence, the Department of State reports indicate that there are many socialist party members who are imprisoned at this time, indicating and undermining his claim that he would be persecuted by those party members if he returns. It also indicates the government is willing to protect him. If they're going to imprison these people that supposedly and allegedly beat him, then it undermines any claim that these people – that the government would fail to protect him upon his return. Sotomayor, what's your response to opposing counsel's argument that it doesn't matter that they're not in power now because they weren't in power when the persecution occurred? Well, again, it doesn't matter because at the time he was asked during his hearing, well, did you go to the government, did you seek any protection for the government, and he said no. And he gives no explanation as to why he didn't go seek protection from the government, and he gives no indication why upon his return to Yemen he – the government would fail to protect him. So at the time he claimed persecution between 1990 and 1992, the Socialist Party was in power in southern Yemen. At this point, it's a unified country. Where is that in the record that the Yemen party was in – the Yemen party was in power in southern – in the southern part of the country? Where is that in the record? It's in the State Department report, Your Honor, and I believe it's in our brief. Was he in the southern part of the country or the northern part of the country? He claimed that he was born in the northern part of the country and remained there, and his family still remains in the northern part of the country. Apparently, he's claiming that the Socialist Party immigrated to the northern part of the country to try to recruit members from the northern part of Yemen. But they were not in power in the northern part of the country, everyone agrees? Because the Petitioners failed to provide any compelling evidence that would require reversal of the immigration judge's decision, the Respondent would respectfully request this Court to deny the petition for review. All right. Thank you. Thank you. Very briefly, concerning our waiving any challenge to the discretionary part of the IJ's decision, the government seems to misunderstand what the discretionary part is. When somebody establishes that they're a refugee on the basis of past persecution, the immigration judge has the discretion to deny their case, nevertheless on the basis of changed country conditions. That's the discretionary basis of this opinion, and that's what we've challenged. There isn't any other discretionary basis opinion of which we might have challenged that we'd waive. Concerning the vagaries, the original application, and all these other bases for possibly finding my client incredible, the IJ makes very clear at page 56, I believe it is, of the record, that on the basis of that one inconsistency alone, she would give his testimony no weight. She thereafter added, well, he was vague and he might have done some corroboration. But the government tries to defer the attention from that being the basis of the credibility finding by focusing on all the other reasons the immigration judge might have found him incredible on that basis. And finally, on page 125, the administrative record indicates that the People's Republic of Yemen, the Republic of Yemen was proclaimed in 1990. This is when the southern part of Yemen ceased to be controlled by the Yemeni Socialist Party. According to that same record, there's a brief civil war in 1994, but they were not in power during 1990 through 1992 during the initial unification of Yemen. They have never been in power in the northern part of Yemen, and they have not done anything to diminish their power since 1990 to 1992. Thank you, Your Honor. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court. The next case on calendar, United States v. Brown, has been submitted on the brief.
judges: Reavley , T.G. Nelson, Rawlinson